## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TIG INSURANCE COMPANY,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **GRAY CONSTRUCTION, INC. and** | § | |
| **PERFORMANCE INSULATION** | § | |
| **CONTRACTORS, INC.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF TIG INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff TIG Insurance Company ("TIG"), as successor by merger to American Safety Indemnity Company, hereby seeks Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, against the defendants Gray Construction, Inc. ("Gray") and Performance Insulation Contractors, Inc. ("Performance") (collectively, the "Defendants"), for the purpose of determining a question of actual, immediate controversy between the parties, and shows:

### PARTIES

1.     TIG is organized under the laws of the State of California with its principal place of business in the State of New Hampshire.

2.     Gray is organized under the laws of the State of Kentucky with its principal place of business in the State of Kentucky.

3.     Performance is organized under the laws of the State of Texas with its principal place of business in the State of Texas.

**NATURE OF THE CLAIM**

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between TIG and the Defendants regarding the parties' respective rights and obligations under a policy of commercial general liability insurance number ENV031750-13-02 issued by American Safety Indemnity Company ("ASIC") to Performance for the period June 3, 2013 to June 3, 2014 (the "Policy"). Attached hereto as **Exhibit 1** is a true and correct copy of the Policy.

5.      TIG, as successor by merger to ASIC, seeks a judgment declaring that ASIC has no duty under the Policy to defend Gray for a lawsuit filed in the 125th Judicial District Court, Harris County, Texas styled *Charles Risinger, et al. v. Kuraray America, Inc., et al.*, cause number 2014-30634 (the "Underlying Suit").

**JURISDICTION AND VENUE**

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim asserted below occurred within this judicial district.

**FACTUAL BACKGROUND**

8.      On May 29, 2014, Charles Risinger filed a Petition in the Underlying Suit. Since that time, 58 additional plaintiffs have intervened in the Underlying Suit. Mr. Risinger and the 58 intervenors will be collectively referred to herein as the "Underlying Plaintiffs." Attached hereto as **Exhibit 2** are true and correct copies of the seven live pleadings in the Underlying Suit.

9.      The Underlying Plaintiffs allege they were injured in a construction site accident which occurred on May 27, 2014 in La Porte, Texas. The Underlying Plaintiffs allege Gray was a contractor for this construction project.

10.     The Underlying Plaintiffs allege they were assembled under a tent when it collapsed. The Underlying Plaintiffs allege that weather conditions on May 27, 2014 caused scaffolding, materials, and tools that were on nearby structures to fall directly onto the tent.

11.     The Underlying Plaintiffs allege that Gray and the other defendants in the Underlying Suit failed to ensure the tent was safely secured and failed to take necessary precautionary measures to ensure materials on other structures in the facility were properly secured. Due to these alleged failures, the Underlying Plaintiffs allege that debris was at risk of failing—and ultimately did fall—directly onto the workers on the construction site.

12.     The Underlying Plaintiffs allege they were injured as a result of the construction accident on May 27, 2014. The Underlying Plaintiffs assert claims against Gray for negligence and gross negligence.

13.     The Underlying Plaintiffs have not named Performance as a defendant in the Underlying Suit. Moreover, the Underlying Plaintiffs do not allege that Performance, or anyone acting on its behalf, caused or contributed to their alleged injuries.

14.     On January 6, 2016, Gray sent a "Formal Notice-Tender of Defense and Indemnity" to Performance, and requested that Performance provide this demand to its insurers. As a result, ASIC was notified of Gray's demand for defense and indemnity.

15.     On May 13, 2016, ASIC agreed to defend Gray as an additional insured under the Policy for the claims asserted against it in the Underlying Suit. ASIC's agreement to defend Gray was subject to a complete reservation of its rights including the right to withdraw its defense and

the right to institute litigation to obtain a declaration of its rights and duties under the law or the Policy.

## **THE POLICY**

16.     The Policy includes endorsement CG 20 10 07 04, Additional Insured- Owners, Lessees Or Contractors- Scheduled Person or Organization, which states as follows:

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*SCHEDULE*

| *Name Of Additional Insured Person(s) Or Organization(s):* | *Location(s) Of Covered Operations* |
|---|---|
| *Any person or organization when you have agreed in writing in a contract or agreement that such person or organization be added as an Additional Insured.* | *Where specified by written contract.* |
| *Information required to complete this Schedule, if not shown above, will be shown in the Declarations.* | |

A.     *Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:*

1.     *Your acts or omissions; or*

2.     *The acts or omissions of those acting on your behalf;*

*in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.*

B.     *With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:*

*This insurance does not apply to "bodily injury" or "property damage" occurring after:*

1.     *All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or*

*repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or*

2.  *That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.*

## **DECLARATORY RELIEF**

17.     TIG adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

18.     There is an actual, present and existing controversy between TIG, as successor by merger to ASIC, and the Defendants regarding ASIC's obligations under the Policy in connection with the Underlying Suit.

19.     Pursuant to 28 USC § 2201, *et seq.*, TIG seeks a judicial declaration of ASIC's rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

20.     ASIC does not have a duty to defend Gray as an additional insured under the Policy pursuant to the terms and conditions of endorsement CG 20 10 07 04, Additional Insured-Owners, Lessees Or Contractors- Scheduled Person or Organization, and the Underlying Plaintiffs' allegations against Gray in the Underlying Suit. Specifically, ASIC does not have a duty to defend Gray as an additional insured under the Policy because the Underlying Plaintiffs do not allege that Performance, or anyone acting on its behalf, caused or contributed to their alleged injuries.

WHEREFORE, Plaintiff TIG Insurance Company, as successor by merger to American Safety Indemnity Company, respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including but not limited

to declaring that ASIC has no duty under the Policy to defend Gray in the Underlying Suit.

TIG further requests that it be awarded such further relief as the law may require or permit.

Respectfully submitted,

**PHELPS DUNBAR LLP**


*/s/ Kasi G. Schuelke*_____
Kasi G. Schuelke
Attorney-in-Charge
Southern District of Texas Bar No. 2827844
Texas Bar No. 24098915
115 Grand Avenue, Suite 222
Southlake, Texas 76092-7626
Telephone: 817-488-3134
Telecopier: 817-488-3214
Email: kasi.schuelke@phelps.com

**ATTORNEY FOR PLAINTIFF
AMERICAN SAFETY INDEMNITY
COMPANY**

PD.19954844.1